HARMON *v.* BOONE

No. 39950 February 13, 1956 85 So. 2d 220

*Curt W. McKewen,* Jackson, for appellant.

*W. E. McIntyre, Jr.,* Brandon, for appellee.

LEE, J.

This was an action in the chancery court by Mrs. Joyce Gray Boone, Jr., against James B. Boone, and arose out of the following circumstances: The parties were married when they were very young. Two children were born of the union, Donald James, a boy, and Sylvia

Jean, a girl. The marriage went upon the rocks; and in September 1952, when they were both still under 21 years of age, Mrs. Boone obtained a divorce. The parties at the time agreed that the mother should have custody of the girl, and the father custody of the boy. The decree so awarded custody until the further order of the court. The couple, before their divorce, had lived in the rural home of the husband's parents, and the boy and his father continued to live in that home. Mrs. Boone moved to the home of her mother, and she and the little girl lived there. Both children, it seems, were well cared for.

In April 1953, Boone married again; and in May 1953, Mrs. Boone married U. S. Harmon, Jr., who was in the armed forces and stationed in California. Several months later Mrs. Harmon visited her husband and did not return to Mississippi until his discharge in November 1954.

On January 19, 1955, Mrs. Harmon filed a petition to modify the former custodial decree so as to award her also the custody of Donald James, now about six years of age, and require Boone to pay for the support of both children.

The proof showed that the Harmons were renting a place in Jackson for $30 a month, and that the husband was earning about $40 a week. Boone had been unsuccessful in the operation of a partnership filling station. Other work which he did was temporary. A child had been born to each of the second marriages. The parties were equally competent to have the custody of the children. The learned chancellor, after a full hearing dictated his finding of facts into the record, and thereupon dismissed both the petition and cross petition with prejudice. Boone and his parents were taking care of Donald James, although he had contributed little, if anything, for the support of Sylvia Jean, but the court, evidently realizing Boone's inability at that time to contribute to the support of Sylvia Jean, did not then require him to do so; but admonished him that a father must support

his children, and indicated that, when his financial ability will permit, the court will require such contribution from him.

■■ ■ Taking into consideration all of the facts and circumstances in the record, the court was fully warranted in its disposition of the case. Consequently Mrs. Harmon is not entitled to any relief on her appeal, and the decree of the court below must be affirmed.

Affirmed.

*McGehee*, C.J., and *Hall, Holmes* and *Ethridge*, JJ., concur.